PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| MARIO TROLLINGER, | ) | |
| | ) | CASE NO. 4:22-CV-1905 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WARDEN BRACEY, *et al.*, | ) | |
| | ) | **ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 10, 16, 18] |

Pending before the Court is Defendants' Motion to Dismiss the Amended Complaint (ECF No. 10) and Plaintiff's Motion to Dismiss Defendants' and Interested Party State of Ohio's Reply (ECF No. 16).

On October 21, 2022, Plaintiff filed his Complaint. *See* ECF No. 1. The Complaint named Warden Bracey, Major Hill, and Lieutenant Smallwood as defendants. ECF No. 1 at PageID #: 2-3. On February 21, 2023, Plaintiff filed his Amended Complaint as of right. *See* ECF No. 9. In the Amended Complaint, Plaintiff brought forth claims of excessive force and retaliation, naming Ms. Young, Lieutenant Davis, Lieutenant Pratt, Officer Regatti, Officer Price, and Captain Carter. *See* ECF No. 9. However, in the Amended Complaint Plaintiff failed to include claims against Warden Bracey, Major Hill, and Lieutenant Smallwood. Consequently, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint. *See* ECF No. 10.

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). A

(4:22CV1905)

cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). A pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556)

Here, Defendants argue that "Plaintiff failed to sufficiently allege facts to support any claim against any named and served Defendant." ECF No. 15 at PageID #: 112. As previously stated, in the Amended Complaint Plaintiff fails to mention the named and served Defendants, only acknowledging them in the caption. ECF No. 9 at PageID #: 73. The Sixth Circuit has repeatedly held that a complaint must contain claims of personal involvement against each named defendant:

> It is basic pleading essential that a plaintiff attribute factual allegations to particular defendants. See Twombly, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints. See Gilmore v. Corr. Corp. of Am., 92 Fed.Appx. 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); Frazier v. Michigan, 41 Fed.Appx. 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); Griffin v. Montgomery, 2000WL 1800569 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant).

(4:22CV1905)

*Kirkendall v. Conklin*, No. 1:18-CV-480, 2018 WL 2213452, at *2 (W.D. Mich. May 15, 2018). Because Plaintiff does not include specific allegations of conduct against Defendants Warden Bracey, Major Hill, and Lieutenant Smallwood, there is no claim of personal involvement regarding these Defendants. Therefore, allegations within the Amended Complaint fail to meet the minimal pleading requirements and fails to state a claim. Fed. R. Civ. P. 8.

      Accordingly, Defendants' Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 10) is granted. Plaintiff's Motion to Dismiss Defendants' and Interested Party State of Ohio's Reply (ECF No. 16) is denied as moot.

      Additionally, Defendants filed a Motion to Stay Discovery (ECF No. 18). That motion is denied as moot.

      IT IS SO ORDERED.

| | |
|---|---|
| October 25, 2023 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |